NA

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No.  CV 20-08152-PCT-DGC (DMF) |
|---|---|
| Plaintiff, | CR 14-08164-PCT (DGC) |
| v. | **ORDER** |
| Gary Steven Christensen, | |
| Defendant/Movant. | |

On June 22, 2020, Movant Gary Steven Christensen, who is not currently incarcerated, filed a pro se Petition for Writ of Error Coram Nobis (Doc. 1) and a Motion to Stay All Restitution Payments and All Garnishment Proceedings ("Motion to Stay") (Doc. 2), which the United States opposes (Doc. 5).  The Court will call for an answer to the Petition and deny the Motion to Stay.

## I.    Procedural History

Following a jury trial, Dr. Christensen was found guilty of seven counts of Evasion of Assessment and two counts of Willful Failure to File Return, in violation of 26 U.S.C. §§ 7201 and 7203.  On November 3, 2016, the Court sentenced Dr. Christensen to a 54-month term of imprisonment followed by 3 years on supervised release.  Dr. Christensen was also ordered to pay $1,603,533 in restitution.

## II.   Petition

In the Petition, Dr. Christensen asserts six claims for relief.  In Claim One, Dr. Christensen alleges that the restitution order, "which order illegally allows government

TERMPSREF

collection of a civil tax that has not been assessed, violates the Separation of Powers of the United States Constitution."  In Claim Two, Dr. Christensen alleges "[t]ax collection, in the guise of '*restitution*,' must still comply with the Internal Revenue Code."  In Claim Three, Dr. Christensen alleges that the Government failed to prove "the actual amount of tax due and owing for the charged years," and, as a result, the Court "cannot order '*restitution*.'"  In Claim Four, Dr. Christensen alleges that "the restitution order must be assessed as a civil tax per 26 U.S.C. § 6201(a)(4) and then collected by the IRS, not by the Department of Justice."  In Claim Five, Dr. Christensen alleges that the restitution order "violates Supreme Court Mandate" because "[o]ver $1,000,000 of the imposed '*Restitution*' is for back taxes outside of the tax years for which [Dr. Christensen] was convicted."  In Claim Six, Dr. Christensen alleges that he was "illegally ordered to pay restitution while incarcerated."

To obtain coram nobis relief, Dr. Christensen must establish that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).  "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Id.*

In support of his assertion that he has met the four factors, Dr. Christensen contends that there is no other available remedy; that his trial attorney, the prosecutor, the Court, the probation department, and the IRS Special Agent did not understand the taxing statutes and regulations; that his "continuing garnishment proceedings in this court clearly establish that adverse consequences arise from the order of restitution; and that the "error is so egregious" because the Court had "no authority to order restitution for years other than [those for which he] was convicted."  The Court will require a response to the Petition.

## III.   Motion to Stay

In his Motion to Stay, Dr. Christensen asks the Court to stay restitution payments

and garnishment proceedings because he filed this action, the Petition establishes that the Court's restitution order is "void *ab initio*," he is unable to pay because the "[f]unds for restitution payments have been frozen by current Writs of Garnishment," and it is "a waste" of judicial resources to conduct garnishment proceedings when the issue "will be non-existent as soon as the Court correctly rules on [the] Petition." Dr. Christensen has failed to provide any legal authority to support his request to stay restitution payments and garnishment proceedings pending the outcome of the Petition and this action. Accordingly, the Court will deny Dr. Christensen's Motion to Stay.

**IV.   Warnings**

   **A.   Address Changes**

   Dr. Christensen must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Dr. Christensen must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.   Copies**

   Dr. Christensen must serve Respondent, or counsel if an appearance has been entered, a copy of every document that Dr. Christensen files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Dr. Christensen must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Dr. Christensen.

   **C.   Possible Dismissal**

   If Dr. Christensen fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

**IT IS ORDERED:**

   (1)   The Clerk of Court must electronically serve a copy of the Petition for Writ of Error Coram Nobis (Doc. 1 in CV 20-08152-PCT-DGC (DMF)) and this Order on the

United States Attorney for the District of Arizona pursuant to Rule 4, Rules Governing Section 2255 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the United States Attorney's Office for the District of Arizona.  Pursuant to the Memorandum of Understanding, copies of the Motion and this Order will be sent via Notice of Electronic Filing (NEF) to the Respondents through designated electronic mail addresses.

(2)     The parties and the Clerk of Court **must file** all documents related to the Petition for Writ of Error Coram Nobis in the **civil case**.

(3)     The United States Attorney for the District of Arizona or his designee has **60 days** from the date of service within which to answer the Petition for Writ of Error Coram Nobis.  The United States Attorney or his designee must not file a dispositive motion in place of an answer.  The United States Attorney or his designee may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.

(4)     Regarding courtesy copies of documents for chambers, the United States Attorney or his designee is directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**."   CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http:// www.azd. uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(5)     Dr. Christensen may file a reply within **30 days** from the date of service of the answer to the Petition for Writ of Error Coram Nobis.

1    (6)    Dr. Christensen's Motion to Stay (Doc. 2) is **denied**.

2    (7)    The matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules

3    72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report

4    and recommendation.

5    Dated this 16th day of July, 2020.

David G. Campbell
Senior United States District Judge